# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

REGINALD A. CROFT, )
#201256, )
) CIVIL ACTION NO. 9:11-1813-JMC-BM
Petitioner, )
)
v. ) **REPORT AND RECOMMENDATION**
)
ANTHONY J. PADULA, )
)
Respondent. )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on July 22, 2011.[1]

The Respondent filed a return and motion for summary judgment on October 24, 2011. As the Petitioner is proceeding pro se, a Roseboro order was filed on October 25, 2011, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving extensions of time, Petitioner filed a response in opposition on January 30, 2012.

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



1

This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in Greenville County in May 1993 for murder. [Indictment No. 93-GS-23-3555]. (R.p. 336). Petitioner was represented by Edward M. Sauvain, Esquire, and after a trial by jury on August 17-19, 1993, Petitioner was found guilty. (R.pp. 1-271). The judge sentenced Petitioner to life imprisonment. (R.p. 270).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Wanda H. Haile, Senior Assistant Appellate Defender with the South Carolina Office of Appellate Defense, who filed an Anders[3] brief seeking to be relieved and raising the following issue:

> The lower court erred in failing to fully charge the jury on the law of self-defense and the definition of legal provocation.

See Petition, p. 3 (R.pp. 321-333).[4]

Petitioner also filed a pro se brief seeking to add the following grounds to his appeal:

> 1. Judge's instruction on malice was a mandatory presumption of malice charge, rather than one creating a permissive inference, constitutes reversible error.
>
> 2. Judge not charging the jury on murder v. manslaughter required by State v. King was prejudicial error.
>
> 3. Judge's erroneous burden shifting instruction constitute[s] procedural error.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Anders v. California, 386 U.S. 738, 744 (1967).

[4]Some pages in the transcript are missing, but the Respondent has also submitted separate copies of the Anders brief.



2

See Pro Se Letter to South Carolina Supreme Court, dated June 6, 1994.

On March 23, 1995, the South Carolina Supreme Court granted counsel's request to be relieved and dismissed Petitioner's appeal. (R.p. 320); see State v. Croft, Op. No. 95-MO-103 (S.C.Sup.Ct. filed March 23, 1995). The Remittitur was issued on April 10, 1995.

On April 11, 1995, Petitioner filed an Application for Post-Conviction Relief (APCR) in state circuit court. Croft v. State of South Carolina, No. 1995-CP-23-1020. (R.pp. 277-285). Petitioner raised the following issues in his APCR:

1. Ineffective Assistance of Counsel.

2. Due Process Violations.

(R.pp. 284-285).

Petitioner also filed an amended petition asserting additional ineffective assistance of counsel claims. (R.pp. 287-290). Petitioner was represented in his APCR by Hal W. Roach, Esquire, and an evidentiary hearing was held on May 3, 1996. (R.pp. 297-312). The PCR Judge thereafter issued an order of dismissal on July 24, 1996, dismissing the APCR in its entirety. (R.pp. 313-318).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Daniel F. Stacey of the South Carolina Office of Appellate Defense, who filed a Johnson[5] petition seeking to be relieved and raising the following issue:

> Whether petitioner received effective assistance of counsel when his trial lawyer did not object to irrelevant and inflammatory remarks made by the solicitor during the closing argument?

See Petition, p. 2.

On December 5, 1997, the South Carolina Supreme Court denied Petitioner's writ of certiorari, and

---

[5] Johnson v. State, 364 S.E.2d 201 (S.C. 1998).



3

granted counsel's request to be relieved as counsel. See Memorandum Order filed in Croft v. South Carolina, dated December 5, 1997. The Remittitur was sent down on December 23, 1997. See Remittitur, dated December 23, 1997.

On July 1, 2003, Petitioner filed a second APCR (Croft v. State of South Carolina, No. 2003-CP-23-4450) raising the following issue:

The Court lacked Subject Matter Jurisdiction.

See Petition, p. 3.

On August 5, 2003, a Conditional Order of Dismissal was issued dated August 4, 2003, finding the application was untimely. On September 12, 2003, a Final Order of Dismissal was issued, dismissing the APCR as time-barred. See Order dated September 12, 2003 (filed on September 19, 2003).

Petitioner filed an appeal of the PCR court's order. Petitioner was represented on appeal by Aileen P. Clare of the South Carolina Office of Appellate Defense, who filed a Johnson petition seeking to be relieved and raising the following issue:

> Did the lower court err by dismissing Petitioner's PCR application, when he alleged jurisdictional defects in his conviction?

See Petition, p. 2.

Petitioner also filed a pro se response to the Johnson petition further addressing the issue of subject matter jurisdiction. See Pro Se Brief dated April 2, 2004. On January 7, 2005, the South Carolina Supreme Court denied Petitioner's writ of certiorari, and granted counsel's request to be relieved as counsel. See Memorandum Order filed in Croft v. South Carolina, dated January 7, 2005. The Remittitur was sent down on January 25, 2005. See Remittitur, dated January 25, 2005.

Petitioner then filed a third APCR (Croft v. State of South Carolina, No. 2009-CP-23-



4

5196) on June 19, 2009, raising the following issue:

    Subject Matter Jurisdiction.

See Petition, p. 3 and attached memorandum.

On September 15, 2009, the PCR judge entered a conditional order of dismissal based on the APCR being untimely and successive, following which Petitioner filed a *pro se* response dated September 16, 2009. The state court thereafter issued a final order of dismissal filed April 19, 2010 (dated April 14, 2010), dismissing the APCR as both successive and time-barred. See Order dated April 14, 2010. On April 29, 2010, the Petitioner filed a *pro se* motion to Alter or Amend the Judgment. On June 1, 2010, the PCR judge filed an order dated May 20, 2010, denying the motion. See Order dated May 20, 2010.

    Petitioner filed a notice of appeal from the order denying his third PCR dated June 15, 2010. On July 6, 2010, the Supreme Court of South Carolina issued an Order finding that Petitioner had failed to show an arguable basis to appeal the summary dismissal under Rule 243(c), South Carolina Appellate Court Rules, and dismissed the appeal. See Order dated July 6, 2010. The remittitur was issued on July 23, 2010.

    In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

    **Ground One:** Petitioner's conviction and sentence is in violation of U.S.C.A. 14th Amendment Due Process of Law rights and entitlements.

See Petition, p. 5.

## Discussion

    Summary judgment shall be rendered forthwith if the pleadings, depositions, answers



5

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and record before the Court, the undersigned finds that Respondent is entitled to dismissal of this Petition.

## I.

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[6] and runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[6]Antiterrorism and Effective Death Penalty Act of 1996.



(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Section 2244(d)(1) became effective on April 24, 1996. Since Petitioner's conviction became final prior to the enactment of the AEDPA, Petitioner was required to file his federal habeas petition by at least April 24, 1997, unless the statute was tolled. See Pub.L. 104-132, Title I, § 104, 110 Stat. 1218, Brown v. Angelone, 150 F.3d 370-371 (4th Cir. 1998)[adopting one (1) year as the reasonable period]. Because Petitioner's first APCR was already pending on April 24, 1996, the period of limitations was tolled until December 23, 1997, the date the Remittitur was issued in Petitioner's first APCR.[7] See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at *1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002).

By the time Petitioner filed his second and third APCRs in 2003 and 2009, his time to

---

[7]The period is tolled until the date that the Remittitur is issued. See SCACR 221(b); see also Christy v. Christy, 452 S.E.2d 1, 4 (S.C.Ct.App. 1994)[sending the remittitur ends appellate jurisdiction].



7

file his federal habeas petition had already expired. In any event, Petitioner's second and third APCRs were not "properly filed" petitions for purposes of tolling the statute of limitations, as they were dismissed on the ground that they were untimely. See Allen v. Siebert, 552 U.S. 3, at * 4 (2007)["We therefore reiterate now what we held in Pace: When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of §2244(d)(2)."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005))[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]]. Therefore, even if Petitioner had had any time remaining in which to file a federal habeas petition (which he did not), Petitioner's second and third APCRs would not have tolled the running of the statutory filing period.

Based on this chronology, by the time Petitioner filed this federal habeas petition on July 22, 2011, over thirteen (12) years of non-tolled time had passed since the time expired for Petitioner to file a federal petition on December 23, 1998. Further, Petitioner has not made any arguments with regard to any type of entitlement to equitable tolling. Rather, Petitioner incorrectly argues that he had one year from the date of issuance of the Remittitur in his third APCR on July 23, 2010, to file his federal habeas petition. However, the dismissal of this third APCR did not restart his filing period. See Artuz v. Bennett, 531 U.S. 4 (2000)[while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris, 209 F.3d at 327-328.

Therefore, this federal petition was not timely filed, and must be dismissed. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert.



8

denied, 119 S.Ct. 1377 (1999).

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 15, 2012

Charleston, South Carolina

9

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).