# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Reginald A. Croft, | ) |
|                 Petitioner, | ) Civil Action No.: 9:11-cv-01813-JMC )   **ORDER AND OPINION** |
| vs. | ) ) |
| Anthony J. Padula, | ) ) |
|                 Respondent. | ) ) |
| _____ | ) |

This matter is before the court on the Magistrate Judge's Report and Recommendation [Dkt. No. 25], regarding *pro se* Petitioner Reginald A. Croft's Petition for Writ of Habeas Corpus [Dkt. No. 1] pursuant to 28 U.S.C. § 2254. The Magistrate Judge's Report and Recommendation, filed on February 15, 2012, recommends that the Petition be dismissed without an evidentiary hearing and Respondent's Motion for Summary Judgment [Dkt. No. 12] be granted. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. 636(b)(1).

After receiving the Magistrate Judge's Report and Recommendation, Petitioner timely filed objections. Objections to the Report and Recommendation must be specific. In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n. 4 (4th Cir.1984).

Petitioner vaguely objects that the Report and Recommendation was not made in accordance with *Coleman v. Thompson*, 501 U.S. 722 (1991). *Coleman* sets forth the standard under which the federal court may review habeas corpus claims which are subject to procedural default. *Id*. at 750.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750. Here, Petitioner has not set forth any facts to demonstrate that there is any cause and prejudice or a fundamental miscarriage of justice which would excuse any procedural default of Petitioner's claims.

Petitioner also objects that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is not in agreement with the Magistrate Judge's Report and Recommendation. However, Petitioner does not offer any explanation for this vague objection. As the Magistrate Judge articulates in the Report and Recommendation, Petitioner's time for filing his habeas corpus petition in this court long expired more than ten years ago. Petitioner has offered no arguments concerning equitable tolling. Therefore, this objection has no merit.

Accordingly, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 25]. Therefore the court **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] without an evidentiary hearing and **GRANTS** Respondent's Motion for Summary Judgment [Dkt. No. 12].

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

Greenville, South Carolina
August 17, 2012